UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KENNETH BOOKER, | ) | CASE NO. 1:05 CV 778 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| ANTHONY O. CALABREESE, JR, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On March 23, 2005, pro se plaintiff Kenneth Booker filed this action under 42 U.S.C. § 1983 against the Ohio Eighth District Court of Appeals and Judges Anthony O. Calabreese, Michael J. Corrigan, and Kenneth Rocco. In the complaint, plaintiff asserts that the Cuyahoga County Court of Common Pleas erred in labeling him a sexual predator under Ohio Revised Code § 2950.09(C), and the Ohio Eighth District Court of Appeals failed to address all of his assignments of error. He asks this court to conduct an independent review of the assignments of error he raised on appeal of his case.

**Background**

Mr. Booker was convicted on October 3, 1991 on two counts of rape of a victim under the age of thirteen, in violation of Ohio Revised Code § 2907.02, and three counts of gross sexual

imposition of a victim under the age of thirteen, in violation of 2907.05. He was acquitted on five counts of rape, one count of felonious sexual penetration, and several violence specifications. Mr. Booker was sentenced to 10 to 25 years incarceration on the rape counts, and two years incarceration on the gross sexual imposition counts. His sentences were ordered to be served concurrently.

In the spring of 2003, the State of Ohio filed a Motion in the Cuyahoga County Court of Common Pleas requesting that Mr. Booker be declared a sexual predator pursuant to Ohio Revised Code § 2950.09(C). The Motion was granted on December 19, 2003. Mr. Booker appealed that decision through counsel to the Ohio Eighth District Court of Appeals. He indicates his counsel raised three assignments of error in the appeal. Mr. Booker then attempted to assert additional assignments of error in a supplemental brief filed pro se. He claims that the Court of Appeals permitted him to file the brief and gave the State until July 12, 2004 to respond to it. He indicates that, although no response was filed, the Court of Appeals issued its opinion on September 30, 2004, addressing only the three assignments of error raised by his counsel. Mr. Booker filed a Motion for Reconsideration asking the court to consider his additional assignments of error. The Motion was denied without comment. Mr. Booker states he filed a Mandamus action in the Ohio Supreme Court seeking to compel the Court of Appeals to address his assignments of error. The Ohio Supreme Court dismissed the Mandamus action on February 2, 2005.

Mr. Booker now files this action under 42 U.S.C. § 1983 claiming Cuyahoga County Court of Common Pleas violated his rights under the Ohio Constitution by classifying him as a sexual predator. He further asserts the Ohio Eighth District Court of Appeals improperly refused to consider his additional assignments of error because Ohio Appellate Rule 12(A) requires the court to address all grounds for appeal. Finally, he claims the Ohio Supreme Court should have compelled the Eighth District

Court of Appeals to rule on all assignments of error. Instead, the court denied his Mandamus petition. Mr. Booker states that these decisions denied him due process and equal protection. He asks this Court to consider his assignments of error.

**Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. Id. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. Johnson v. DeGrandy,

512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. Lavrack v. City of Oak Park, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); see also, Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was incorrectly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, Mr. Booker is seeking review of three state court judgments: 1) the decision of the Cuyahoga County Court of Common Pleas in declaring him to be a sexual predator; 2) the decision of the Ohio Eighth District Court of Appeals; and 3) the decision of the Ohio Supreme Court denying Mandamus. All of the allegations, including those asserted in the seven assignments of error raised in Mr. Booker's supplemental *pro se* brief, concern specific grievances that the law was incorrectly applied in his case and are clearly predicated on his belief that the state courts were mistaken in rendering their decisions against him. Moreover, plaintiff requests as relief that this Court conduct its own appellate

4

review of the assignments of error pertaining to the Common Pleas Court decision classifying him as a sexual predator. Any review of the constitutional claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings against him. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at 293.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED.**

                                            s/Kathleen M. O'Malley
                                            **KATHLEEN McDONALD O'MALLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated: May 31 , 2005**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.